UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAEMON SCHOPPER,

        Plaintiff,

                                       CASE No. 1:21-CV-731

v.

                                       HON. ROBERT J. JONKER

RICK SULLIVAN, et al.,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

      The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 144) and Defendants' Objection to the Report and Recommendation (ECF No. 147). No objection to the Report and Recommendation has been filed by Plaintiff. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Defendants' objections.    After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge's Report and Recommendation covers two defense motions for summary judgment.    The Magistrate Judge first recommends granting Defendant Jupin's motion for summary judgment (ECF No. 124) and dismissing that defendant from this case based on qualified immunity.    No party has objected to this portion of the Magistrate Judge's recommended disposition.    Accordingly, the Court adopts the Magistrate Judge's recommendation as to Defendant Jupin's motion, for the very reasons articulated by the Magistrate Judge.

The second defense motion is brought by Defendants Sullivan, Jenkins and Turner.    (ECF No. 128).[1]    As to this motion, the Magistrate Judge recommends that 1) Plaintiff's official capacity claims against Defendants Sullivan, Jenkins and Turner be dismissed; 2) Plaintiff's personal capacity claims against Defendants Sullivan and Jenkins alleging denial of medical treatment proceed forward; and 3) Plaintiff's personal[2] capacity claims against Defendant Turner for excessive force be dismissed save for the claim that Defendant Turner used excessive force by ordering the K-9 Tank to engage Plaintiff after he had surrendered and been secured.    Defendants

---

[1] The docket reflects that Plaintiff has "objected" to Defendant's Jenkins and Turner's response brief to a motion to compel.  (ECF No. 47).  The Magistrate Judge denied the underlying motion (ECF No. 45) and Plaintiff has not sought further review of the Magistrate Judge's decision. Accordingly, Plaintiff's Objection (ECF No. 47) is dismissed as moot.

[2] The Report and Recommendation contains a scrivener's error that incorrectly refers to the remaining excessive force claim against Defendant Turner as being brought in the defendant's official capacity.  The substance of the Report and Recommendation makes clear that the claim against Defendant Turner in his personal, not official, capacity should carry forward.

Sullivan, Jenkins and Turner's argue in their objections that their motion ought to be granted in full.

The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the governing law.   Defendants muster several objections, none of which the Court finds to be persuasive.   Defendants first claim that principles of collateral estoppel and *Heck v. Humphrey*, 512 U.S. 477 (1994) require dismissal of the entirety of Plaintiff's excessive force claims.   In particular, Defendants argue that Plaintiff accepted certain facts put forth by the trial court that show Plaintiff resisted during his arrest. But this does not touch on the Magistrate Judge's observation that it was possible to violate the Michigan state law based on a knowing failure to comply with a lawful command, and that, therefore, principles of *Heck* and collateral estoppel did not preclude Plaintiff from proceeding on an excessive force claim.   Moreover, the Magistrate Judge was entirely correct when he observed that Plaintiff only admitted to failing to follow a lawful command.   During the plea colloquy Plaintiff was asked "[a]nd the resisting is you were told to stop and you did not immediately stop; is that correct?" Plaintiff answered in the affirmative.   There was no other factual basis recited on the record. (ECF No. 129-5, PageID.1195).

Next, Defendant Turner objects to the Magistrate Judge's recommendation that the portion of Plaintiff's excessive force claim related to the final portion of the altercation should go forward. Defendant's objection here is essentially that Plaintiff's version of events is not credible in light of what the defense says has been a shifting narrative throughout the litigation.   The Magistrate Judge accurately applied the summary judgment standards to Plaintiff's claims.   The Court agrees there is a question of fact here that precludes summary judgment for the defense.   The Court

further agrees with the Magistrate Judge that the body camera footage does not directly contradict Plaintiff's allegations. Accordingly, this objection is without merit.

Defendants Sullivan and Jenkins object to the Magistrate Judge's analysis regarding Plaintiff's deliberate indifference claims. Defendants allege the Magistrate Judge failed to assess Plaintiff's claims against them based on their personal interactions with Plaintiff, and that the Magistrate Judge failed to assess qualified immunity. The Court disagrees. The Magistrate Judge's analysis patently discussed the alleged conduct related to each individual defendant. While there were references to other portions of the record, these were exhibits submitted by the defense in support of their motion. The Magistrate Judge thoroughly and accurately explained why these documents did not entitle the defendants to summary judgment. With respect to qualified immunity, the Magistrate Judge did not expressly discuss it as part of the deliberate indifference claims. But neither did the defendants in their motion. Rather the motion provided several paragraphs of boilerplate legal standards with respect to the defense under the heading "Qualified immunity, generally" and then proceeded to argue that "Plaintiff lacks any viable deliberate indifference claims against Defendants Jenkins and Sullivan." There was no developed effort in this analysis to apply the qualified immunity standards to Plaintiff's deliberate indifference claim. The qualified immunity defense is only mentioned as an aside, with no application. There was no need, then, for the Magistrate Judge to discuss the defense.

## SUPPLEMENTAL JURISDICTION

In addition to the federal claims discussed above, Plaintiff's Amended Complaint raises state law claims for negligence and assault and battery. (ECF No. 61). There is no diversity

4

here, and so the sole basis for subject matter jurisdiction over these claims is supplemental jurisdiction under 28 U.S.C. § 1367.

Courts may exercise supplemental jurisdiction "over all other claims that are so related to claims . . . within . . . original jurisdiction that they form part of the same case or controversy under Article III."   28 U.S.C. § 1367(a).   A claim is part of the same case or controversy as a claim with original jurisdiction if the two "derive from a common nucleus of operative fact such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case."   *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (internal quotation marks omitted).   Courts may decline to exercise supplemental jurisdiction when:

1. the claim raises a novel or complex issue of State law,
2. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
3. the district court has dismissed all claims over which it has original jurisdiction, or
4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims."   *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (internal quotation omitted).

The claims in this case may derive from a "common nucleus of operative fact," but the Court finds that an exercise of supplemental jurisdiction is not appropriate here.   The presence of the state law claims creates a significant risk of juror confusion and would seriously complicate jury instructions.   Although the state claims and federal statutes at issue may contain some overlapping parts, they differ in fundamental ways that will require separate proofs, separate

instructions, and separate damage theories.   State law rules of Governmental immunity are also different than the federal rules.   Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 144) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Jupin's Motion for Summary Judgment (ECF No. 124) is **GRANTED.**   Defendant Jupin is **DISMISSED** as a defendant from this case.

**IT IS FURTHER ORDERED** that Defendant Jenkins' Sullivan and Turner's Motion for Summary Judgment (ECF No. 128) is **GRANTED in part** and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Court declines the exercise of supplemental jurisdiction. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Objection (ECF No. 47) is **DISMISSED AS MOOT.**

This case shall move forward only on Plaintiff's personal capacity claims against Defendant Turner for use of excessive force by ordering the K-9 Tank to engage Plaintiff after he had surrendered and been detained, and against Defendants Sullivan and Jenkins for denial of medical treatment.


Dated: _____March 1, 2024_____          /s/ Robert J. Jonker_____
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE

6